# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENANCIO RODRIGUEZ, | 1:11-CV-01714 GSA HC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR UNTIMELINESS |
| K. ALLISON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

Petitioner filed his federal petition on October 14, 2011. He then filed a first amended petition on October 31, 2011. Petitioner challenges his 1998 conviction in the Kern County Superior Court for failing to register as a convicted sex offender pursuant to Cal. Penal Code § 290(g)(2).

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ
2   of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
3   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th
4   Cir.2001).

5        The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua*
6   *sponte* a habeas petition on statute of limitations grounds so long as the court provides the
7   petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at
8   1041-42.

9   B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

10       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
11  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas
12  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
13  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118
14  S.Ct. 586 (1997).  As the instant petition was filed on October 14, 2011, it is subject to the
15  provisions of the AEDPA.

16       The AEDPA imposes a one year period of limitation on petitioners seeking to file a
17  federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,
18  subdivision (d) reads:

>   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, Petitioner states his appeal was denied on November 26, 1998, and he did not file a petition for review. Pursuant to Cal. Rules of Court, rules 24(a), 28(b), and 45(a), direct review concluded when the conviction became final forty days after the appellate court filed its opinion. In this case, that date was January 5, 1999. Petitioner had one year until January 5, 2000, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In this case, Petitioner notes having filed only one attempt at collateral relief in the state courts: a petition for writ of habeas corpus filed in the California Supreme Court on January 28, 2011, and denied on September 21, 2011, in Case No. S190227. Insofar as this case was filed over eleven years after the expiration of the limitations period, Petitioner is not entitled to statutory tolling. The instant petition appears to be untimely.

**ORDER**

Accordingly, Petitioner is ORDERED to SHOW CAUSE why the instant petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d). Petitioner is GRANTED thirty (30) days from the date of service of this order to respond.

IT IS SO ORDERED.

Dated:   **November 8, 2011**              /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE