# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENANCIO RODRIGUEZ, | 1:11-CV-01714 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| K. ALLISON, | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

Petitioner commenced this case by filing a federal habeas petition on October 14, 2011. He then filed a first amended petition on October 31, 2011. He challenges his 1998 conviction in the Kern County Superior Court for failing to register as a convicted sex offender pursuant to Cal. Penal Code § 290(g)(2).

On June 28, 2011, following a preliminary review of the petition, the Court issued an order directing Petitioner to show cause why the petition should not be dismissed for violating the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Based on information provided by Petitioner, the Court determined that the limitations period expired on January 5, 2000. The instant federal petition was filed over eleven years later and is therefore untimely. Petitioner

1 provided information regarding a petition for writ of habeas corpus filed in the California
2 Supreme Court on January 28, 2011, and denied on September 21, 2011.  However, the petition
3 had no effect on the untimeliness of the instant federal petition since the limitations period had
4 expired over eleven years earlier.

5     Petitioner was informed that the district court intended to dismiss the petition for
6 violating the statute of limitations unless Petitioner could demonstrate his petition was in fact
7 timely.  See
8 Herbst v. Cook, 260 F.3d 1039, 1041-1042 (9th Cir.2001) (Concluding that a district court may
9 dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court
10 provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond).
11 On December 2, 2011, Petitioner responded to the order to show cause.  The Court has reviewed
12 the response and concludes that Petitioner has not provided any reason to alter the Court's
13 determination of untimeliness.

### CERTIFICATE OF APPEALABILITY

15     A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
16 district court's denial of his petition, and an appeal is only allowed in certain circumstances.
17 Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining
18 whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

19     (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
district judge, the final order shall be subject to review, on appeal, by the court
20     of appeals for the circuit in which the proceeding is held.

21     (b) There shall be no right of appeal from a final order in a proceeding to test the
validity of a warrant to remove to another district or place for commitment or trial
22     a person charged with a criminal offense against the United States, or to test the
validity of such person's detention pending removal proceedings.
23

24     (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
appeal may not be taken to the court of appeals from–

25     (A) the final order in a habeas corpus proceeding in which the
detention complained of arises out of process issued by a State
26     court; or

27     (B) the final order in a proceeding under section 2255.

28     (2) A certificate of appealability may issue under paragraph (1) only if the

applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED for violating the limitations period of 28 U.S.C. § 2244(d);

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **December 8, 2011**              /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE